# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| WILLIE E. SHEFFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 13-0333-WS-M |
| | ) |
| KEITH FRAZIER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This removed action comes before the Court on defendant Sidney T. Lewis's *pro se* filing styled "Notice/Motion to Set Aside Magistrate's Void Order Dated August 14, 2013 under Fed.R.Civ.Proc. Rule 60(b)(4) & (6)" (doc. 11).[1]

On July 1, 2013, Lewis filed a Notice of Removal (doc. 1) through which he removed this action from the Circuit Court of Wilcox County, Alabama to this District Court on jurisdictional grounds that, to put it charitably, appear suspect.[2] Because Lewis was the party

---

[1] "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But Lewis's *pro se* status does not excuse him from compliance with procedural rules and court orders. *See, e.g., Moton v. Cowart*, 631 F.3d 1337, 1341 n.2 (11th Cir. 2011); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (explaining that "we are to give liberal construction to the pleadings of *pro se* litigants," but that "we nevertheless have required them to conform to procedural rules") (citation omitted); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* party "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure," and may be sanctioned "for failure to comply with court orders"); Local Rule 83.9(b).

[2] As best the Court could discern from the Notice of Removal, Lewis predicates federal jurisdiction on the notion that he has some sort of due-process defense to the state-law claims asserted against him. Of course, the theory "that a federal defense to state claims confers federal question jurisdiction … has been rejected for well over 125 years, a fact taught in every first-year civil procedure course." *RES-GA Cobblestone, LLC v. Blake Cons. and Development, LLC*, 718 F.3d 1308, 1311 n.1 (11th Cir. 2013). And it is black-letter law that a removing defendant, such as Lewis, "bears the burden of proving proper federal jurisdiction." *Adventure* (Continued)

removing the case to federal court, he was responsible for paying the filing fee. *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350.").[3] To the extent that Lewis might wish to avoid paying the filing fee on grounds of indigence, he had the option of filing an appropriate motion and affidavit for *in forma pauperis* status, pursuant to 28 U.S.C. § 1915. As the removing party, then, Lewis had two and only two options for getting this case into federal court. He could either pay the filing fee or submit appropriate documentation and proof of indigence pursuant to an application for IFP status.

Lewis did not pay a filing fee upon removal, but instead filed a facially inadequate, conclusory affidavit claiming indigence, with no specifics to support that generic allegation. (Doc. 4.) On July 10, 2013, Magistrate Judge Milling entered an Order (doc. 6) denying the IFP request and ordering Lewis "by August 9, 2013, to <u>complete</u> and file this Court's form for a motion to proceed without prepayment of fees or, pay the $400.00 filing fee." (Doc. 6, at 1.) Judge Milling specifically admonished Lewis that "[f]ailure to comply with this order within the prescribed time will result in the dismissal of this action for failure to prosecute and obey the Court's Order." (*Id.*) The Clerk's Office transmitted to Lewis a copy of this district's form motion for proceeding without prepayment of fees.

Despite the very clear terms of the July 10 Order, Lewis did not comply. Instead, on August 9, 2013, he filed a frivolous motion to vacate the July 10 Order, in which he falsely stated that he had been granted IFP status a year earlier in another federal lawsuit and that he therefore should not have to comply with the July 10 Order. (*See* doc. 8.) Judge Milling could have recommended dismissal of the lawsuit at that time based on Lewis's misrepresentations and noncompliance with the exceedingly plain terms of the July 10 Order; however, he elected to

---

*Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008) (citation omitted). Nonetheless, the Court does not reach the jurisdictional question because Lewis has resisted repeated judicial efforts to bring him into compliance with the threshold procedural step of paying the filing fee or submitting a valid petition to proceed *in forma pauperis*.

[3] The standard civil filing fee in federal district court for persons not granted *in forma pauperis* status under 28 U.S.C. § 1915 is $350.00 for a civil complaint, plus a $50.00 administrative fee. *See* 28 U.S.C. § 1914 and District Court Miscellaneous Fee Schedule.

give Lewis another chance. In an Order entered on August 14, 2013, Judge Milling denied the motion to vacate, explained that Lewis had not been granted IFP status in the predecessor action, and indicated as follows: "Defendant Lewis will be given one more opportunity to complete and file this Court's form for a motion to proceed without prepayment of fees or pay the $400.00 filing fee. This is to be done **not later than September 11, 2013**. Failure to comply with this order will result in the dismissal and/or remand of this action for failure to prosecute and obey the Court's orders." (Doc. 9, at 1.) Once again, the Clerk's Office transmitted to Lewis a copy of this district's form IFP motion.

And once again, Lewis elected to disregard and challenge Judge Milling's Order, in lieu of compliance. Rather than either paying the filing fee or submitting a completed form IFP motion (a simple procedure which *pro se* litigants in this district successfully accomplish every single day), Lewis filed a "Notice/Motion to Set Aside" directed to this Court, in which he urged the undersigned to find the August 14 Order void for reasons that are frankly nonsensical (such as arguments about whether he would be considered a "prevailing party" at the conclusion of this action, and a continuing misguided obsession with his prior federal litigation, which was remanded to state court without ever addressing the filing fee / IFP issue). The Order entered on August 14, 2013 is emphatically not void. It quite correctly, patiently reiterated to Lewis what his options were *vis a vis* 28 U.S.C. §§ 1914-1915. As the party initiating these federal proceedings, Lewis had two choices. He could either pay the $400 filing fee or submit a properly supported application for IFP status on this district's form motion. Doing nothing was not an option. The August 14 Order presented those straightforward options to Lewis, just as the July 10 Order did, and cautioned him of the adverse consequences of noncompliance. Thus, the challenged Order was entirely proper, legal and appropriate. Lewis's Notice/Motion to Set Aside the August 14 Order is **denied** as frivolous, just as his challenge to the July 10 Order was.

The larger question is, of course, what happens next. Lewis has demonstrated a pattern of contumacious conduct. Moreover, the law is clear in this Circuit that "[a] district court need not tolerate defiance of reasonable orders." *Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Service, Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). The July 10 and August 14 Orders were reasonable, easy to understand, and well-grounded in law, yet Lewis chose to resist them both, wasting time and squandering scarce judicial resources by filing frivolous objections attacking such Orders. The Court has afforded Lewis multiple opportunities to do what he could

and should have done at the inception of these removal proceedings (*i.e.*, pay the filing fee or submit a properly supported IFP petition), and warned him that this case would be remanded if he failed to comply, yet he has refused to follow these simple instructions.

This Court will not give him yet another chance. Nothing in the law or circumstances of this case would favor granting Lewis a fourth opportunity to pay the filing fee or present the necessary financial data to facilitate judicial determination of his eligibility for IFP status. In light of the foregoing procedural history, sanctions are warranted. District courts possess inherent power to sanction errant litigants before them. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009) ("A court may impose sanctions for litigation misconduct under its inherent power."); *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions."). In this case, where the removing party has steadfastly refused to satisfy the low threshold hurdle of paying the filing fee or making a basic showing of IFP eligibility, the only sensible and appropriate sanction is to remand this action to state court from whence it came.

For all of the foregoing reasons, this action is hereby **remanded** to the Circuit Court of Wilcox County, Alabama for further proceedings.

DONE and ORDERED this 13th day of September, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE